TRINETTE G. KENT (State Bar No. 025180)
10645 North Tatum Blvd., Suite 200-192
Phoenix, AZ 85028
Telephone: (480) 247-9644
Facsimile: (480) 717-4781
E-mail: tkent@kentlawpc.com

Of Counsel to:
Michigan Consumer Credit Lawyers
22142 West Nine Mile Road
Southfield, MI 48033
Telephone: (248) 353-2882
Facsimile: (248) 353-4840

*Attorneys for Plaintiff,*
*Barry Roth*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| Barry Roth, | Case No.: |
|---|---|
| Plaintiff, | |
| vs. | **COMPLAINT** |
| Credit One Bank, a national banking association, | **JURY TRIAL DEMANDED** |
| Defendant. | |

NOW COMES THE PLAINTIFF, BARRY ROTH, BY AND THROUGH COUNSEL, TRINETTE G. KENT, and for his Complaint against the Defendant, pleads as follows:

## JURISDICTION

1. Jurisdiction of this court arises under the Fair Credit Reporting Act ("FCRA") 15 U.S.C. §1681p., and 28 U.S.C. §§1331, 1337.

## VENUE

2. The transactions and occurrences which give rise to this action occurred in the City of Queen Valley, Pinal County, Arizona.

3. Venue is proper in the District of Arizona, Phoenix Division.

## PARTIES

4. The parties to this lawsuit are:

   a. Barry Roth is the Plaintiff in this action. He resides in the City of Queen Valley, Arizona, in the County of Pinal. He is a "Consumer" as defined by the FCRA 15 U.S.C. 1681a(c).

   b. Credit One Bank, N.A. ("Credit One") is the Defendant in this action. Credit One Bank is a national association that conducts business in Arizona and maintains its offices in Las Vegas, Nevada.

## GENERAL ALLEGATIONS

5. On or about February 5, 2016, Credit One Bank pulled Mr. Roth's credit report via a hard inquiry.

6. On or about February 15, 2016, Mr. Roth received a letter from Credit One, which stated that he was pre-approved for a new Platinum Visa credit card with a credit line of up to $1,500.00. The letter stated, "Since you're already pre-approved, it's easy to accept your Visa card. You can choose your card design! Simply reply by October 12, 2016."

7. Shortly thereafter, Mr. Roth applied for credit with Credit One.

8. On or about August 4, 2016, Mr. Roth received a letter from Credit One, which denied him from receiving the credit card that it was offering.

9. On or about September 7, 2016, Mr. Roth received another letter from Credit One, which stated that he was pre-approved for a Platinum Visa with a credit line of up to $1,500.00. The letter stated, "Your credit history shows that you are a perfect match for this offer. That's why we have pre-approved you for a Platinum Visa card with a credit line up to $1,500.00." This offer stated that it would expire on November 2, 2016.

10. Shortly thereafter, Mr. Roth applied for credit with Credit One again.

11. On or about September 7, 2016, Credit One obtained Mr. Roth's Experian credit file.

12. On or about September 30, 2016, Mr. Roth received another letter from Credit One, which again denied him from receiving the credit card.

13. Credit One never had any federally permissible purpose as required by 15 U.S.C. 1681b to obtain the Plaintiff's credit report on February 5, 2016. Although Plaintiff applied for credit with Credit One, Credit One obtained Mr. Roth's consumer credit reports twice prior to Mr. Roth applying for credit with it. Credit One Bank never had a legitimate need for the Plaintiff's consumer credit reports.

14. As a direct and proximate cause of the Defendant's negligent and/or willful failure to comply with the Fair Debt Collection Practices Act, 15 U.S.C. § 1681 *et seq.*, Plaintiff has suffered credit and emotional damages. Due to the Defendant's unauthorized hard inquiry, Plaintiff's credit has been unjustly negatively affected and Plaintiff has suffered undue stress and anxiety unauthorized access to his personal and confidential credit information.

## COUNT I

**VIOLATION OF THE FCRA BY USER— NEGLIGENTLY AND/OR KNOWINGLY OBTAINING A CONSUMER REPORT WITHOUT A PERMISSIBLE PURPOSE**

15. Plaintiff incorporates the preceding paragraphs.

4

16. Credit One never had any federally permissible purpose as listed at 15 U.S.C. 1681b to obtain the Plaintiff's consumer credit reports from any credit reporting agency.

17. Credit One acted willfully and/or negligently in requesting and obtaining Plaintiff's credit report without a federally permissible purpose as required by 15 U.S.C. 1681b.

18. Credit One has therefore violated Plaintiff's rights under 15 U.S.C. §1681b(f).

**WHEREFORE, PLAINTIFF REQUESTS** that this Court enter judgment in his favor and against Credit One as follows:

    a.    pursuant to 15 U.S.C. § 1681n(a) (1) (B), award him actual or statutory damages, or $1,000 for each access of his credit report, whichever is greater;

    b.    pursuant to 15 U.S.C. § 1681n(a) (2), award such punitive or exemplary damages as the Court deems appropriate;

    c.    pursuant to 15 U.S.C. § 1681n(a) (3), award costs of the action and reasonable attorneys' fees; or

    d.    pursuant to 15 U.S.C. § 1681o award him actual damages, plus costs, interest, and attorneys' fees; and

    e.    grant such other and further relief as the court deems just and proper.

## COUNT II

**VIOLATION OF THE FCRA BY DEFENDANT USER – FALSELY CERTIFYING OR FAILING TO CERTIFY THE PURPOSE FOR WHICH IT INTENDED TO USE PLAINTIFF'S CONSUMER CREDIT REPORTS.**

19. Plaintiff incorporates the preceding paragraphs.

20. Credit One was required to certify the purpose for which it intended to use the Plaintiff's consumer credit report in compliance with the FCRA at 15 U.S.C. 1681e.

21. Credit One never had any federally permissible purpose to obtain the Plaintiff's consumer credit report and hence, was never in a position to certify to any credit reporting agency that it had a right to pull his credit report for any reason.

22. Nevertheless, Credit One obtained the Plaintiff's consumer credit report.

23. Credit One either falsely certified to Experian that it had a federally permissible purpose for which to obtain the Plaintiff's consumer credit report or failed to provide such certification as required by 15 U.S.C. 1681b(f)(2).

**WHEREFORE, PLAINTIFF REQUESTS** that this Court enter judgment in his favor and against Credit One as follows:

a. pursuant to 15 U.S.C. § 1681n(a) (1) (B), award him actual or statutory damages, or $1,000 for each access of his credit report, whichever is greater;

b. pursuant to 15 U.S.C. § 1681n(a) (2), award such punitive or exemplary damages as the Court deems appropriate;

c. pursuant to 15 U.S.C. § 1681n(a) (3), award costs of the action and reasonable attorneys' fees; or

d. pursuant to 15 U.S.C. § 1681o award her actual damages, plus costs, interest, and attorneys' fees; and

e. grant such other and further relief as the court deems just and proper.

## COUNT III

## INVASION OF FINANCIAL PRIVACY BY DEFENDANT

24. Plaintiff incorporates the preceding paragraphs.

25. Plaintiff's credit information is private. He has a right to privacy of that information as promulgated in the FCRA.

26. Credit One, in contravention of the FCRA, obtained the Plaintiff's private credit information

27. Plaintiff has been damaged by the Defendant's invasion of Plaintiff's private consumer credit information.

**WHEREFORE, PLAINTIFF REQUESTS** that this Court enter judgment in his favor and against Defendant as follows:

a. award him actual damages, costs, interest, and attorneys' fees;

b. declare and order that Defendant's conduct in obtaining his credit report without a permissible purpose is a violation of the FCRA;

c. order preliminary and permanent injunctive relief enjoining and restraining Credit One from keeping or publishing the illegally obtained credit report(s), or requesting new reports; directing Credit One to return to Plaintiff all copies or abstracts of his consumer report or any information contained therein;  and

d. grant such other and further relief as the court deems just and proper.

## **JURY DEMAND**

Plaintiff hereby demands a trial by Jury.

DATED:  November 30, 2016                                   KENT LAW OFFICES

By:  */s/   Trinette G. Kent*
Trinette G. Kent
Attorneys for Plaintiff,
Barry Roth